**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| ALLSTATE INDEMNITY COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) NO. CIV-12-1291-D |
| | ) |
| RICHARD COOPER, and CELIA MARIE | ) |
| WHALEY MONROE, individually and as | ) |
| widow and next of kin of Michael Jacob | ) |
| Monroe, deceased, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Before the Court is the motion [Doc. No. 14] of Defendant Celia Marie Whaley Monroe ("Ms. Monroe") to dismiss this action or, alternatively, to stay the action pending the outcome of a state court proceeding. Defendant Richard Cooper ("Cooper") separately joined in the motion, Plaintiff Allstate Indemnity Company ("Allstate") timely responded, and Ms. Monroe filed a reply.

Background:

In this action, Allstate seeks a declaratory judgment that it is not obligated to defend or indemnify Cooper under the policy of insurance at issue from claims that may be asserted by Ms. Monroe in connection with an accident that resulted in the death of Michael Jacob Monroe. At the time of the accident, Cooper had a Personal Umbrella Policy ("Policy") issued by Allstate, and Allstate contends that certain Policy exclusions relieve it from any obligation to defend or indemnify Cooper.

Subsequent to the filing of this action, Ms. Monroe filed a wrongful death action against Cooper, styled *Celia Monroe, as Widow and Next of Kin of Michael Jacob Monroe, deceased, and as Parent and Next Friend of T.R.M., Minor v. Richard Cooper*, Case No. CJ-2012-7621, District

Court of Oklahoma County (the "state litigation"). A copy of the Petition in the state litigation is submitted as Exhibit 1 to Ms. Monroe's motion to dismiss. Monroe and Cooper now contend that the Court should dismiss or stay this declaratory judgment action, arguing that this action and the state litigation are parallel proceedings raising the same issues. Thus, they argue the Court should decline to exercise jurisdiction in this case and dismiss this action or stay it until the state litigation is concluded. Allstate argues that the two actions are not parallel proceedings which warrant dismissal or a stay of this action.

Application:

"The Declaratory Judgment Act states in pertinent part that, '[i]n a case of actual controversy within its jurisdiction ..., any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.'" *Surefoot LC v. Sure Foot Corp.*, 531 F.3d 1236, 1240 (10th Cir. 2008) (quoting 28 U.S.C. § 2201(a)).

As a general rule, where federal jurisdiction is proper[1], the "existence of proceedings in state court does not by itself preclude parallel proceedings in federal court." *Fox v. Maulding,* 16 F. 3d 1079, 1082 (10th Cir. 1994). Instead, the question is whether the two actions may proceed simultaneously, and the decision is typically governed by the *Colorado River*[2] doctrine. When the issue of contemporaneous proceedings is raised in a declaratory judgment action, however, the *Colorado River* doctrine does not apply. *United States v. City of Las Cruces*, 289 F.3d 1170, 1179-

---

[1] The parties do not dispute that the Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332 because there is complete diversity of citizenship among the parties, and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

[2] *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976).

80 (10th Cir. 2002). Instead, the Court's analysis is governed by *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 495 (1942). *Id.* According to *Brillhart*, federal courts are "under no compulsion" to grant declaratory relief, but have the discretion to do so. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286-87 (1995). "[D]istrict courts have 'unique and substantial discretion' in determining whether to declare the rights of litigants when duplicative state proceedings exist." *Las Cruces*, 289 F.3d at 1179-80 (quoting *Wilton*, 515 U.S. at 286). "'Thus, *unlike coercive actions*, declaratory judgment actions do not invoke the federal judiciary's 'virtually unflagging obligation' to exercise its jurisdiction.'" *Id.* at 1181 (quoting *Sinclair Oil Corp. v. Amoco Production Co.*, 982 F.2d 437, 440 (10th Cir. 1992)) (emphasis in original).

To guide the courts in exercising the substantial discretion applicable to declaratory judgment actions, the Tenth Circuit has articulated several factors to be weighed. *State Farm Fire & Cas. Co. v. Mhoon*, 31 F. 3d 979, 983 (10th Cir. 1994). According to the Circuit, the applicable factors are:

> [1] whether a declaratory action would settle the controversy; [2] whether it would serve a useful purpose in clarifying the legal relations at issue; [3] whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to res judicata "; [4] whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and [5] whether there is an alternative remedy which is better or more effective.

*Mhoon*, 31 F. 3d at 983; *see also City of Las Cruces*, 289 F. 3d at 1187. The district court should also consider whether the "'same fact-dependent issues are *likely* to be decided in another pending proceeding.'" *St. Paul Fire & Marine Ins. Co. v. Runyon,* 53 F. 3d 1167, 1169-80 (10th Cir. 1995) (quoting *Kunkel v. Cont'l Cas. Co.,* 866 F. 2d 1269, 1276 (10th Cir. 1989)) (emphasis in original)). "[A] district court is 'under no compulsion to exercise'" its discretion to consider a declaratory

3

judgment action "where the controversy may be settled more expeditiously in the state court." *State Farm Mut. Automobile Ins. Co. v. Scholes*, 601 F. 2d 1151, 1154 (quoting *Will v. Calvert Fire Ins. Co.,* 437 U.S. 655, 662-63 (1978)). More specifically:

> Ordinarily, it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties. Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided.

*Brillhart,* 316 U. S. at 495. A federal court may thus be required to consider "the scope of the pending state court proceeding and the nature of defenses open there." *Brillhart*, 316 U.S. at 495. Courts should "consider whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, whether such parties are amenable to process in that proceeding, etc." *Id.*

In this case, the parties agree that the Court should apply the *Mhoon* factors to determine whether this action should be dismissed or stayed pending the outcome of the state litigation. The movants contend the two actions involve the same issues and that allowing the cases to proceed simultaneously would duplicate efforts and create the potential for different results. Allstate argues, however, that the two actions are not parallel, as the issues raised by the wrongful death action do not include a question of whether Allstate must defend or indemnify Cooper from liability for Ms. Monroe's claims.

The parties agree that Allstate is not a party to the state litigation, and Cooper is the only defendant. Furthermore, the Petition in the state litigation reflects that Ms. Monroe's wrongful death claim against Cooper alleges that the vehicle accident which caused Mr. Monroe's fatal injuries was

4

a "direct result of Defendant Richard Cooper's failure to properly maintain the vehicle so that the vehicle could be safely and properly operated on all roadways." Petition at ¶ 7.

Allstate argues, and the movants do not dispute, that Allstate is providing a defense to Cooper in the state litigation, subject to a reservation of rights. According to Allstate, Cooper and his brothers owned and operated Cooper Brothers, Incorporated ("CBI"), which is a closely held corporation that originated as a construction company and now owns real property which it leases and manages. Cooper has served as acting president of CBI at all relevant times. CBI owned a 1981 Ford truck which was used in its construction business. Cooper contends that ownership of the truck was transferred to him personally in 2011. However, the truck continued to be used for business purposes, and was parked at a lot owned by CBI. CBI had leased the parking lot to a landscape business in 2011, but that business later vacated the premises, and trash and other debris were left in the lot.

At the time of the accident resulting in his death, Mr. Monroe was employed by Cooper, and Cooper directed Mr. Monroe to haul trash from the parking lot to a waste management facility. To perform this work, Mr. Monroe drove the 1981 Ford truck owned by Cooper. During his return trip from the waste management facility, the Ford truck's brakes apparently failed while Mr. Monroe was on a highway ramp. Because he was unable to avoid colliding with other vehicles, he allegedly jumped from the Ford truck while it was moving, and he was fatally injured.

The Policy at issue in this declaratory judgment action provides personal insurance to Cooper. According to Allstate, there are express coverage exclusions in the Policy which render coverage for Mr. Monroe's accident inapplicable, as Allstate contends the accident arose out of a

business activity, and the Policy is limited to personal activities.[3] In the Complaint, Allstate alleges that it was notified of the accident and Cooper's claim for coverage under the Policy. Complaint at ¶ 12. Allstate's request for a declaratory judgment asks the Court to determine that coverage for the accident is not provided by the Policy. *Id.* ¶ 18.

In its response to the motion to dismiss or stay, Allstate argues that, after it received Cooper's claim for coverage, it notified him that it would provide Cooper a defense in any lawsuit arising out of the accident. However, it did so subject to a reservation of rights in which it specifically reserved the right to discontinue providing the defense if it is determined that the Policy does not provide coverage for the accident.

The movants argue that the factual and legal issues in the state wrongful death litigation are also raised in this case and that this Court should decline to exercise its jurisdiction over the declaratory judgment action or, at a minimum, stay this action until the state litigation concludes. They contend that the *Mhoon* factors weigh heavily in favor of dismissal or a stay. Additionally, Cooper argues that the issues raised by the motion are the same as those presented to this Court in *Nautilus Insurance Company v. Kringlen*, 2011 WL 5326260 (W.D. Okla. Nov. 3, 2011) (unpublished), a case in which the Court dismissed a declaratory judgment action pending the outcome of a state court lawsuit.

The Court disagrees with the movants' contentions. With respect to the *Mhoon* factors, the first factor and second factors do not favor granting the motion because the declaratory judgment action settles the controversy as to the scope of coverage available under the Policy, and that issue

---

[3]In this Order, the Court will not address the merits of Allstate's contentions regarding the scope of coverage under the Policy.

is not raised in the state litigation.  The declaratory relief sought by Allstate involves only the issue of whether Allstate must defend and indemnify Cooper against the wrongful death claim asserted by Ms. Monroe.  Allstate is not a party to the state litigation, and it is currently defending Cooper in that action, albeit under a reservation of rights.  A declaratory judgment as to the scope of coverage would not address the factual contentions asserted by Ms. Monroe in the state litigation, as this action does not involve contentions regarding Cooper's alleged negligence in failing to properly maintain the Ford truck, nor does it involve the condition of the truck or what may have occurred when Mr. Monroe jumped from the truck and was fatally injured.

Contrary to Ms. Monroe's contentions, the Court finds the third *Mhoon* factor does not favor dismissal or a stay.  That factor requires the Court to consider whether Allstate has engaged in "procedural fencing" or endeavored to "provide an arena for a race to *res judicata.*"  *Mhoon*, 31 F.3d at 983.  Ms. Monroe argues that Allstate's conduct demonstrates both aspects, as she argues at length that it ignored her requests, prior to the filing of either lawsuit, to settle her claim against Cooper.  She further argues that, in the midst of these discussions, it essentially "raced to the courthouse" by filing this lawsuit.  Allstate responds that, while there were ongoing discussions, it advised Ms. Monroe's counsel that it believed coverage was not available under the Policy.

With respect to the final *Mhoon* factors, the Court does not find that a declaratory judgment would increase friction between the federal and state courts or improperly encroach upon state jurisdiction.  Nor does the Court find that an alternative remedy is more effective than a declaratory judgment. According to the parties' representations, the issue of the scope of coverage under the Policy has not been presented to the state court, and the state court will not be required to address

that issue. Instead, the state court issues are limited to allegations that Cooper negligentlly caused the death of Mr. Monroe.

The Court also finds the circumstances distinguishable from those presented in *Nautilus*. The state court proceeding in *Nautilus* involved a post-judgment garnishment in which the prevailing plaintiff in a state court action sought to satisfy a state court judgment by recovering proceeds from an insurer under a policy issued to the defendant who had been found liable. In resisting that effort in the state court, the insurer argued the policy at issue did not cover the claim on which judgment had been rendered, and the insurer also filed a declaratory judgment action in this Court. Thus, the issues asserted in the collection proceeding and in the declaratory judgment action were the same. The Court determined that, under the circumstances presented, the declaratory judgment action should be dismissed. *Nautilus*, 2011 WL 5326260, at *5. In contrast, the issues in this action and the state court litigation are not the same, and dismissal is not warranted. Nor does the Court find it necessary to stay this action pending the determination of the liability issues in the state litigation.

Conclusion:

The Court finds that, under the circumstances presented, dismissal or a stay of this action is not required. Accordingly, the motion [Doc. No. 14] is DENIED.

IT IS SO ORDERED this 15th day of August, 2013.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE